This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On August 29, 2000, the Municipal Court of Cuyahoga Falls ordered the destruction of four firearms. Appellant, Ramon Griffin ("Griffin"), appeals this order. We affirm.
 I.
We begin by noting that the Appellee, the City of Twinsburg, did not file a brief in this matter. In Griffin's brief, he states that he was arrested on January 1, 2000, for improper handling firearms in a motor vehicle in violation of R.C. 2923.16(C). On August 29, 2000, the appellee caused an order to be filed in the Cuyahoga Falls Municipal Court. The court ordered the destruction of four firearms that Griffin claims were the subject of his January 1, 2000 arrest.
Griffin timely filed his appeal with this court.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE TWINSBURG'S PETITION TO DESTROY/FORFEIT APPELLANT RAMON GRIFFIN'S PERSONAL PROPERTY UNDER R.C. 2933.41 BECAUSE THE GRANTING OF THE PETITION [AFTER] CONVICTION AND SENTENCE VIOLATES MR. GRIFFIN'S RIGHT UNDER THE OHIO CONSTITUTION NOT TO BE TRIED TWICE FOR THE SAME OFFENSE (DOUBLE JEOPARDY).
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE TWINSBURG'S PETITION TO DESTROY/FORFEIT APPELLANT RAMON GRIFFIN'S PERSONAL PROPERTY BECAUSE THE PETITION WAS GRANTED [EX PARTE], WITH NO NOTICE TO MR. GRIFFIN OR HIS COUNSEL UNTIL AFTER THE PETITION WAS GRANTED, IN VIOLATION OF THE DUE PROCESS GUARANTEES OF THE U.S. AND OHIO CONSTITUTIONS.
In his two assignments of error, Griffin argues that appellee's action seeking destruction of his firearms after sentencing amounted to a forfeiture of his personal property in violation of the double jeopardy and due process provisions of the Ohio Constitution. We disagree.
Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. See State v. Williams (1995), 73 Ohio St.3d 153, 160; App.R. 9(B). The record filed with this court consists of one original paper, the August 29, 2000 order and a certified copy of the docket and journal entry from the trial court. The August 29, 2000 order describes four firearms and states that the firearms shall be destroyed pursuant to R.C. 2933.41. There is no indication in the record of a relationship between the firearms and Griffin.
We find that the appellate record does not support the issues that Griffin assigns as error. Accordingly, his two assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM R. BAIRD
WHITMORE, J. CONCURS.